ROTHENBERG, J.
The defendant, Manuel De Jesus Deras, appeals from the denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
The defendant was charged with one count of DUI manslaughter and one count of leaving the scene of an accident involving a death. The defendant pled guilty and was sentenced to eleven years in prison.
*1024 The charges stemmed from two car accidents. The defendant was involved in one accident which involved property damage only. He fled the scene of that accident and approximately five minutes later was involved in another accident, this time involving a death. The defendant was injured in the second accident and was airlifted to the hospital.
Following his conviction, the defendant filed a motion for postconviction relief alleging ineffective assistance of counsel and insufficient evidence to sustain a conviction. The motion was summarily denied. Following three additional motions for postconviction relief, the defendant filed the instant motion under rule 3.850, again alleging that the evidence was insufficient to support a conviction for the crimes to which he pled guilty. The trial court denied the motion as untimely.
We acknowledge that the defendant has made this argument in a previous postcon-viction motion, and that relief was denied. Nonetheless, if what the defendant claims is true, his claim should be revisited under the manifest injustice exception articulated in State v. McBride, 848 So.2d 287, 291-92 (Fla.2003). If in fact, the defendant fled the scene of the first accident which, based on the citations submitted by the defendant in his appeal, only involved property damage, and he did not flee the scene of the second accident, which resulted in the death of the victim, then to deny the defendant relief would result in manifest injustice. If the defendant pled to a charge to which there was no factual basis, his trial counsel provided ineffective assistance of counsel resulting in manifest injustice. Thus, if the defendant did not flee from the second accident, he should be permitted to withdraw his plea as to leaving the scene of the accident involving death, the charge should be reduced to leaving the scene of an accident involving property damage, the offenses should be rescored, and the sentence for both offenses reconsidered.
Reversed and remanded.